UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| E. JOYCE GLASGOW,<br><br>        Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | Case No.: C08-410 CRD<br><br>ORDER RE: SOCIAL SECURITY<br>DISABILITY APPEAL |

Plaintiff Joyce Glasgow appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") who denied her applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA" or the "Act"), 42 U.S.C sections 401-33, and Supplemental Security Income ("SSI") disability benefits under Title XVI of the SSA, 42 U.S.C. sections 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court AFFIRMS the Commissioner's decision.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a fifty-seven-year-old woman, forty-seven years old at the alleged disability onset date. She has a high school education, three years of college, and has work experience as an artist's model, massage therapist, telemarketer, and as the sole proprietor of a retail shop.

Plaintiff applied for SSI in October 2002 alleging disability since December 1998 for depression, anxiety, a head injury, fibromyalgia, and fibroids. Her claim was denied initially and upon reconsideration, and after an ALJ hearing, her claim was denied on March 21, 2005. After

Plaintiff sought review in this Court, the parties stipulated to remand. A second hearing was held before the same ALJ, ALJ Bauer, on October 12, 2006. The ALJ heard testimony from Plaintiff, who was represented by counsel, Corrie J. Yackulic, Esq. Administrative Record ("AR") at 552-573. The ALJ again rendered an unfavorable decision on December 11, 2006. Plaintiff requested review by the Appeals Council and review was denied, rendering the ALJ's decision the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 422.210 (2006). On March 11, 2008, Plaintiff initiated this civil action for judicial review of the Commissioner's final decision.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. sections 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. section 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 402 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

## IV. THE DISABILITY EVALUATION

As the claimant, Ms. Glasgow bears the burden of proving that she is disabled within the meaning of the Social Security Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is

expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.

Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] In the present case, the ALJ found that although Plaintiff had worked during the relevant time, her jobs were short in duration and therefore concluded she had not engaged in substantial gainful activity since the alleged onset of the disability. AR 440, Finding 12. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). In this case, the ALJ found Plaintiff has the medically determinable impairments of an adjustment disorder, an anxiety disorder, and a histrionic personality disorder with dependant traits, but concluded that none of these amount to severe impairments for Plaintiff. AR 441, Finding 2-3. Therefore the ALJ concluded at step two that Plaintiff was not disabled as defined in the SSA. AR 453, Finding 4.

///

///

///

---

[1]Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

# V. ISSUES ON APPEAL

Plaintiff presents the following principal issues on appeal:

1.      Did the ALJ err in evaluating the medical evidence?

2.      Did the ALJ err in evaluating Plaintiff's credibility?

Dkt. No. 9.

# VI. DISCUSSION

The ALJ found Plaintiff not disabled at step two of the five-step disability analysis, concluding that although Plaintiff has the medically determinable impairments of an adjustment disorder, an anxiety disorder, and a histrionic personality disorder with dependant traits, none of the impairments or combination thereof amounted to a severe impairment by SSA standards. Plaintiff argues that the ALJ erred in evaluating the medical evidence and her credibility in reaching this conclusion.

*A.      The ALJ did not err in evaluating the medical evidence.*

This case was remanded with instructions from the Appeals Council directing that if necessary, the ALJ should obtain medical expert testimony to assist in determining the functional limitations of Plaintiff's impairments. AR 463. In his decision, the ALJ noted that "[g]iven the multitude of opinions and the varying diagnoses and functional assessments" he had obtained medical expert testimony to assist him in assessing Plaintiff's functional abilities. AR 444. The ALJ rejected the opinions of several doctors, instead heavily crediting the opinion of the testifying medical expert, Dr. McKnight, who appeared telephonically at the hearing.

Plaintiff argues that the ALJ erred in rejecting the opinions of nurse practitioner Gowell, naturopath Linton, and doctors Distad and Pepping, arguing that the rejections are not supported by evidence. To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir.1995); *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Id.* The ALJ can meet this burden by setting out a detailed and thorough summary of

the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes*, 881 F.2d at 751 (internal citations omitted). The rejection of an opinion of a treating physician based in part on the testimony of a nontreating, nonexamining medical advisor, may be upheld. *Morgan v. Commissioner,* 169 F.3d 595, 602 (9th Cir. 1999), citing *Magallanes*, 881 F.2d at 751-55; *Andrews*, 53 F.3d at 1043; *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995).

1. <u>Elaine Childs-Gowell, Ph.D., ARNP</u>

Plaintiff asserts that the opinions of her mental health provider, Elaine Gowell, should have been credited. The ALJ rejected Gowell's opinions because her Ph.D. is in anthropology, not psychology; there are no treatment records to document her association with Plaintiff; she diagnosed impairments that were not diagnosed by any psychiatrist or psychologist; the only reports Gowell provided were state agency check-box evaluation forms with little observation or documentation of Plaintiff's functioning; and the minimal documentation contradicts her opinion. AR 451.

Plaintiff argues that the ALJ failed to mention the "Hamilton Anxiety and Depression questionnaires" (AR 544-48) administered by Gowell which show her depression and anxiety were in "clinical range". The tests were given by Gowell as a part of the 2005 state agency evaluation, which was noted by the ALJ, and consists of a list of symptoms for the examiner to rate on a scale of zero through four. The ALJ found the forms were not supportive of Gowell's opinions because they included little documentation or observation of Plaintiff's functioning, and they were in contradiction with the normal results of her mini-mental status examination. AR 451.

Plaintiff also asserts Gowell's opinions should be given weight because although she is not a medical doctor, she is a registered nurse practitioner specializing in mental health. The ALJ noted that Dr. Gowell has a Ph.D. in anthropology, but contrary to Plaintiff's assertion, the ALJ also noted that "even as a corollary medical source, her opinion should be given little weight." AR 451. Although the ALJ did not specify that Gowell's nursing certification is in psychiatric and mental health, he noted her that qualifications include "ARNP" (AR 442).

However, the ALJ found that regardless of Gowell's qualifications, her opinion was not supported by the record. AR 451. The ALJ found, and a review of the record shows, Plaintiff is an active, intelligent, and motivated person, despite some psychological difficulties. Based on medical evidence and Plaintiff's own testimony, she is a functional individual. She takes care of herself, is involved in a variety of activities, and is social. The Court therefore finds the reasons cited by the ALJ for rejecting Gowell's opinion are germane and based on substantial evidence in the record as a whole. Germane reasons are all the ALJ is required to give when rejecting the opinion of a nonphysician medical source. 20 C.F.R. § 416.913(d)(1). Accordingly, the ALJ's findings were not in error.

2. Jane Distad, M.D.

Plaintiff asserts that the ALJ erred in discrediting Dr. Distad's opinion. The ALJ gave "no weight" to Dr. Distad's findings that Plaintiff had difficulties in functioning when compared to prior functioning, and that she has multiple symptoms of depression. The ALJ discredited Dr. Distad's opinion because Plaintiff scored "30" on a mini mental status examination during the evaluation, Plaintiff did not show any depressive affect or mood, and because Dr. Distad was not familiar with Plaintiff's prior functioning other than as relayed to her by Plaintiff. AR 451. The ALJ found the mental status exam score of 30 to be inconsistent with the difficulties in functioning Dr. Distad found. Inconsistency within a physician's conclusion is a specific and legitimate reason for rejecting a medical opinion. The ALJ also believed Dr. Distad placed extensive weight on Plaintiff's subjective allegations, which he found not entirely credible. *Id.* The Court finds the reasons the ALJ gave for rejecting Dr. Distad's opinions are specific and legitimate and not in error.

3. Mary Pepping, Ph.D.

Plaintiff asserts that the ALJ erred in rejecting Dr. Pepping's opinion. Dr. Pepping opined that Plaintiff is not capable of full time employment at the present time. AR 259-60. The ALJ gave Dr. Pepping's opinion that Plaintiff is currently unable to work no weight because he found that the "opinion indicates a transitory and treatable impairment that would not be disabling for at least a 12-month period of time, as required in the Social Security regulations."

AR 451. Dr. Pepping opined that Plaintiff could return to work after receiving treatment and medication, and that people in her situation generally require only three to four months of treatment. AR 259-60. Dr. Pepping also noted, "Individual cognitive rehabilitation with a clear return-to-work focus is likely to be helpful for Ms. Glasgow, if she can agree to appropriate work goals. An initial emphasis on establishing and running her own business from home is not a good match for her skills and problem areas presently." AR 259. Dr. McKnight testified that Plaintiff's test results are not consistent with disability and are contradicted by her full activities of daily living. *Id.* Plaintiff argues that she has not had access to the rehabilitation Dr. Pepping thought would be helpful; however, Dr. Pepping noted that Plaintiff is strictly opposed to taking any psychotropic medication. AR 259. The ALJ cited these reasons for finding Dr. Pepping's opinion did not support a finding of disability under SSA guidelines. The Court finds these reasons specific and legitimate and not in error.

      4. <u>Molly Linton, N.D.</u>

      Plaintiff asserts that the ALJ erred in rejecting the opinion of her naturopathic treatment provider, Dr. Linton. Dr. Linton opined that Plaintiff's condition had declined since she began seeing her and that she believed it was unlikely that Plaintiff could obtain and keep a job with regular hours due to emotional issues and chronic fatigue. AR 378. The ALJ gave Dr. Linton's opinion no weight because Dr. Linton's progress notes show she treated claimant primarily for physical complaints; her records show only occasional mentions of depression; there is no evidence that Dr. Linton ever referred Plaintiff for psychological treatment, counseling, or therapy; there is no evidence that Dr. Linton has specialized training in the area of psychiatry; and medical records from the prior year show Plaintiff made few complaints of fatigue. AR 452. Plaintiff disputes each of these findings. However, upon reviewing Plaintiff's citations to the evidence record, the Court finds the ALJ's conclusions are consistent with Dr. Linton's notes. An ALJ is required to give germane reasons for rejecting the opinion of a naturopath. 20 C.F.R. § 416.913(d)(1). The Court finds the reasons the ALJ gave for rejecting Dr. Linton's opinions germane, based on substantial evidence in the record, and therefore not in error.

///

### 5. David Jarvis, M.D.

Plaintiff asserts that the ALJ erred in rejecting Dr. Jarvis' opinion. Dr. Jarvis opined Plaintiff would be severely limited in her ability to respond appropriately or tolerate the pressures of a normal work setting and concluded she had a GAF of 50, which suggests severe limitations. AR 167. The ALJ rejected Dr. Jarvis' opinions because Dr. Jarvis' own examination results were unremarkable; mental status exams were normal; mood and affect were flexible; cognitive functioning, concentration, persistence and pace were intact; Plaintiff's description of her activities including volunteer work and social activism contradict the conclusion that she cannot work; and Dr. Jarvis observed Plaintiff had an intolerance for humdrum activities and preferred involvement in the arts, political groups, and marches. AR 451. Dr. Jarvis also noted that Plaintiff reported to him that she is "very active in the community, and do [*sic*] a lot of work. Right now fighting Walgreens. Calling the City Council, the Mayor, Walgreens" and that she does a considerable amount of volunteer work at art concerts, performance events, and political events, and that she exercises about once a week on an exercise machine, goes on walks, and enjoys going to see jazz and opera. AR 165. The ALJ also found that the GAF score Dr. Jarvis assigned was inconsistent with Plaintiff's examination results and test scores. *Id.* The Court agrees with the ALJ's reasoning and finds the ALJ's reasons for rejecting Dr. Jarvis' opinions specific, legitimate and supported by substantial evidence in the record. As such, the ALJ did not err in evaluating the opinions of Dr. Jarvis.

In sum, the ALJ did not err in evaluating the opinions of Plaintiff's physicians or mental health care providers. Although Plaintiff asks for an award of benefits, she asserts error at step two of the analysis. The step two inquiry is meant to exclude only the most minor of impairments. It is simply a screening device used to eliminate cases that do not meet the threshold requirement of severity. *See Bowen v. Yuckert*, 482 U.S. 137, 154 (1987). An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling (SSR) 85-28). [T]he step two inquiry is a *de minimis* screening device to dispose of groundless

claims. *Id.* (citing *Bowen*, 482 U.S. at 153-54). Here, relying heavily on the opinions of the testifying medical expert, Dr. McKnight (AR 450), the ALJ concluded that Plaintiff's impairments "impose no more than slight limitations on her ability to perform work related activities. The claimant has mild restrictions in her activities of daily living and mild limitations in her ability to maintain social functioning as a result of her mental impairments." AR 452. For the reasons discussed above, the Court finds the ALJ's conclusion that Plaintiff has no severe impairments at step two is supported by substantial evidence in the record and is therefore not in error.

       *B.*     *The ALJ did not err in evaluating Plaintiff's credibility.*

Plaintiff asserts that the ALJ erred in finding her subjective complaints and symptoms not fully credible. The ALJ concluded that the severity of Plaintiff's limitations are not supported by objective evidence in the record. AR 448. Absent evidence of malingering, the ALJ can only reject Plaintiff's testimony regarding the severity of his symptoms by giving "specific, clear and convincing reasons" for the rejection. *See Lingenfelter*, 504 F.3d at 1036; *see also Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001); *Thomas*, 278 F.3d at 958-59. In finding a claimant's testimony unreliable, an ALJ must render a credibility determination with sufficiently specific findings, supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Chater*, 81 F.3d at 834. "We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings." *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003). "In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

The ALJ discussed Plaintiff's credibility in detail and found inconsistencies between her complaints and her activities of daily living. AR 447-50. Plaintiff testified that she has gotten

worse in the last couple of months and that she no longer goes out or volunteers as documented in her psychological evaluations (AR 448), however, she was also apparently participating in such activities when she was previously applying for SSA benefits. The ALJ found that Plaintiff is independent in her self-care, that she spends time volunteering, participates in marches, and she describes herself as a very active member of her community. AR 452. The ALJ noted Plaintiff communicated well during the two Social Security hearings. *Id.* The ALJ also noted that although Plaintiff had personality disorders and was histrionic and dependant, she was still able to visit with friends, attend large social events, and engage in normal interactions with other people. *Id.* The ALJ found evidence of only mild deficits in concentration, persistence and pace, and that Plaintiff has normal intelligence. *Id.* The ALJ found Plaintiff alleged some physical complaints but that no doctors attributed physical limitations, and Plaintiff does not allege the ALJ erred in so finding. The ALJ also noted that Plaintiff's work history is poor and that her long history of minimal earnings suggests that she has never been highly motivated to work in the past. AR 448. Plaintiff testified that her activity level has decreased as her symptoms have increased in the last several months. Plaintiff argues that her involvement in occasional activities does not equate to the ability to work full time.

Plaintiff also notes that she does not take medication to help her conditions because she is afraid of side effects. Contrary to Plaintiff's assertion, the ALJ did discuss Plaintiff's reason for not wanting to take the drugs her doctors recommended: that she does not want to take the drugs because she is afraid of side effects and has heard of people committing suicide who take them. AR 448.

Upon review, the record does not contradict the ALJ's findings. Accordingly, the Court finds that the ALJ determined based on substantial evidence in the record, that Plaintiff's symptoms are less severe than she alleges. The ALJ's credibility assessment is supported by clear and convincing reasons, based on substantial evidence, and is free of legal error. *See Green v. Heckler*, 803 F.2d 528, 532 (9th Cir. 1986) (stating that ALJ's credibility determinations are entitled to great deference); *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (stating that ALJ's role is to judge credibility of claimant).

# VII. CONCLUSION

For the reasons set forth above, the Commissioner's decision is AFFIRMED and the case DISMISSED.

DATED this 17th day of September, 2008.

Carolyn R. Dimmick
United States District Judge